IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-19-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| BRANDON PIERRE HINTON, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an officer with the Harnett County Sheriff's Office assigned to the task force of the United States Drug Enforcement Agency. Defendant presented the testimony of the proposed third-party custodian, his aunt. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required or the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a one-count indictment on 11 February 2014 with possession with the intent to distribute five hundred (500) grams or more of cocaine on 25 July 2013 in violation of 21 U.S.C. § 841(a)(1). The evidence presented at the hearing showed that the charges arise from a controlled delivery to an Apex residence of a package containing cocaine

embedded in a candle.  Defendant subsequently arrived at the residence and put the package in his car.  When a SWAT team moved in to arrest him, he fled in the car at high speed, almost hitting at least two officers and travelling through a residential neighborhood.  He eventually stopped the car and fled on foot, until officers, assisted by a canine, apprehended him.  Three days later, officers found the candle with the cocaine embedded in a creek bed along the path defendant took while fleeing.  The candle contained 255 grams of cocaine.  Another vehicle used by defendant was subsequently seized by authorities and found to contain an additional 260 grams of cocaine.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government.  In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following:  evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offense charged; the circumstances of the offense charged, including the quantity of drugs involved, defendant's flight to avoid apprehension, his reckless disregard of the safety of arresting officers and others in fleeing, and his commission of the alleged offense while on pretrial release in multiple state felony drug cases; defendant's criminal record, including five felony convictions, ten misdemeanor convictions, and two probation violations, including one involving absconding supervision; defendant's lack of any employment history despite his age (32); the danger of continued drug-dealing offense conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to the presence of a minor in the proposed custodial home,

defendant's having committed the alleged offense conduct while living in that home, and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as the apparent availability of employment to him if released. It finds, however, that the factors favoring detention strongly outweigh such evidence.

## **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 25th day of February 2014.

James E. Gates
United States Magistrate Judge